NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONNOR SEGLA, an individual, | No. 21-55329 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00157-AJB-JLB |
| v. | |
| SAN DIEGO UNIFIED SCHOOL DISTRICT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted January 12, 2022
Pasadena, California

Before: TASHIMA and M. SMITH, Circuit Judges, and S. MURPHY III,**
District Judge.

Connor Segla appealed the district court's order granting San Diego Unified

School District's ("District") motion to dismiss without leave to amend. Segla had

sued the District under the Americans with Disabilities Act, Section 504 of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Rehabilitation Act, and 42 U.S.C. § 1983.  A year before he sued, Segla settled a dispute with the District over whether the District failed to provide him with a free, appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA").  Segla's claims in this lawsuit stem from the same factual background as the settled dispute.  We review dismissal of a case without leave to amend the complaint de novo to determine whether amendment could have saved the complaint.  *Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012) (citation omitted).

On appeal, Segla first argued that the district court misread the release clause in the settlement agreement to be clear rather than ambiguous, which led the district court to refuse to consider extrinsic evidence.  Segla also argued that the district court improperly found that Segla failed to exhaust administrative remedies.  Either issue resolves the appeal if found in favor of the District.  Because the District prevails on the latter, we affirm without resolving the former.

Under the IDEA, "before the filing of a civil action under [federal law] seeking relief that is also available under [the IDEA], the [IDEA's administrative procedures] shall be exhausted to the same extent as would be required had the action been brought under [the IDEA]."  20 U.S.C. § 1415(l).  If the gravamen of a complaint brought under federal law is the denial of a FAPE, administrative exhaustion is required.  *Paul G. v. Monterey Peninsula Unified Sch. Dist.*, 933 F.3d

2

1096, 1100 (9th Cir. 2019) (citing *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 748 (2017)). To determine whether the gravamen of a complaint is the denial of a FAPE, courts look to: (1) whether "the plaintiff [could] have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school"; (2) whether "an adult at the school—say, an employee or visitor— [could] have pressed essentially the same grievance"; and (3) whether the "plaintiff has previously invoked the IDEA's formal procedures to handle the dispute." *Fry*, 137 S. Ct. at 756–57 (emphasis omitted).

Segla's claims could not be brought against a public facility that is not a school and could not be brought by an adult employee of the school because the claims are "fundamentally educational." *Paul G.*, 933 F.3d at 1101. Segla's three federal claims stem from his removal from the District, his exclusion from the benefits or services offered by the District, an alleged District policy to remove special education students under a certain notice procedure, and the District's failure to train staff members in alternative school placement for students with disabilities—all allegations that are educational at their core and require a FAPE-like remedy. And Segla first "pursued remedies under [the] IDEA and after settlement switched gears to turn to other remedies." *Paul G.*, 933 F.3d at 1101. As a whole, "[t]his is almost precisely the scenario the Supreme Court in *Fry* described as an indicator of an IDEA claim requiring exhaustion" because the

gravamen of the claims is the denial of a FAPE. *Id.* Our recent en banc opinion in *D.D. v. Los Angeles Unified School District*, 18 F.4th 1043 (9th Cir. 2021) does not affect our analysis or change the result.

The district court stated that Segla sought leave to amend the complaint to add individual defendants besides the District. Because such an amendment would not affect Segla's failure to exhaust administrative remedies, we affirm the dismissal of the complaint without leave to amend.

**AFFIRMED.**